IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DH, a Minor Child, by and Through　　　　　　　　　Case No. 3:07CV3779
　　　her Parents, JoAnne E. Horen, et al.,

　　　　　　Plaintiffs

　　　v.　　　　　　　　　　　　　　　　　　　　　　ORDER

Board of Education of the Toledo
　　　City School District, et al.,

　　　　　　Defendants

　　　This is an appeal by the parents of a child with disabilities from a decision by a State Level Review Officer rejecting the plaintiffs' contentions regarding placement of their child.

　　　In an earlier decision, I held that the parents had failed to follow the procedure for filing an appeal as mandated by Ohio law. Based on that finding, I dismissed this appeal on motion of the defendants. [Doc. 19].

　　　Pending is the parents' amended motion to alter or amend judgment under Fed. R. Civ. P. 59. [Doc. 21]. The parents contend that I misinterpreted the applicable statutes when I held that the notice they filed with the Ohio Department of Education had not been timely. They also contend that the Ohio Department of Education failed to comply with provisions of Ohio law requiring the Department to give notice of the method of filing an appeal and time within which the appeal must be filed.

　　　In addition, the parents' motion also contends that to affirm my dismissal order would inflict manifest injustice on their child.

I begin with the parents' last arguments first. Arguments that could have been, but were not made during the initial briefing are not a proper subject for a Rule 59 motion. *See, e.g.*, *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) ("under Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued."). Thus, the parents' complaints about the Department's failure to comply with statutory requirements and the manifest injustice to their daughter are not properly before me at this time.

The parents' motion addresses only the second prong of my original decision. They disregard the first prong, in which I held that they had failed to file an original copy of their appeal with the Department. Such failure, I held, required dismissal of their appeal.

I based my decision on O.R.C. § 119.12, which dictates how a party adversely affected by a final agency order [such as the SLRO's order here] can appeal such order. The statute specifies that the party "shall file a notice of appeal with the agency setting forth the order appealed from and the grounds for the party's appeal" and, also, that "[a] copy of the notice of appeal shall also be filed by the appellant with the court." In *Hughes v. Ohio Dep't of Commerce*, 114 Ohio St. 3d 47, 51-52 (2007) (citing *Nibert v.Ohio Dep't of Rehab. & Corr.*, 84 Ohio St. 3d 100 (1998)), as I pointed out in my earlier decision, the Supreme Court of Ohio held that "the notice of appeal filed with the agency and the notice of appeal filed with the common pleas court are distinct documents."

In that case, due in part to the plaintiff's failure to have filed the original notice of appeal with the agency, the Supreme Court held that the plaintiff had failed to file the notice of appeal properly, because "the original notice of appeal was to be filed with the agency and . . . a copy of the notice of appeal was to be filed with the common pleas court." *Id.* at 52.

2

As noted, the plaintiffs' noncompliance with this provision was the first basis on which I concluded that dismissal was appropriate. The question of the timeliness of the appeal was the second, and alternative ground.

Because plaintiffs' Rule 59 motion does not call the primary ground for my order into question, it is not necessary to address the parties' arguments about the alternative basis for my earlier ruling.

Motions for reconsideration are not favored. When unsuccessful, the movant should be sanctioned for the expense caused to the prevailing party. Plaintiffs were put on notice of that possibility during a pretrial conference after they filed the instant motion. They elected to proceed with it. They shall, accordingly be sanctioned in the amount of $1,000 or the actual fees incurred by defendants as a result of the filing of this motion, whichever is less.

It is, accordingly,

ORDERED THAT:

1. Plaintiffs' amended motion to alter or amend judgment [Doc. 21] be, and the same hereby is overruled.

2. Plaintiffs shall pay the sum of $1,000 as and for attorneys' fees, or the actual fees billed to the defendants by their counsel, whichever is less, as and for a sanction for filing their insufficient motion for reconsideration.

So ordered

                                                s/James G. Carr
                                                James G. Carr
                                                Chief Judge